IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARJORIE RUBEL,<br><br>Plaintiff,<br><br>vs.<br><br>BLAISE JAQUILLARD<br>and<br>HIGH HOTELS, LLC<br>d/b/a TRU BY HILTON EASTON<br>and<br>HILTON FRANCHISE HOLDING LLC<br>and<br>HILTON DOMESTIC OPERATING<br>COMPANY INC.,<br><br>Defendant. | CIVIL ACTION<br><br>NO. 2:26-cv-08094 |

**NOTICE OF FILING NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

To: Christopher N. Leeds, Esq.
115 Plymouth Road-Suite 200
Plymouth Meeting, PA 19462

PLEASE TAKE NOTICE that Defendant, Blaise Jaquillard, in the matter of Rubel vs. Jaquillard, et al., originally pending in the Court of Common Pleas in the County of Philadelphia, Pennsylvania, under term August Term, 2026. No. 260800813, files in the United States District Court for the Eastern District of Pennsylvania, its Notice of Removal of said cause to the Eastern District of Pennsylvania. A copy of the Notice of Removal is attached hereto and served herewith.

Date: October 22, 2026

CHRISTOPHER M. HORN, ESQUIRE
IDENTIFICATION NUMBER: 201633

Two Logan Square
100 N. 18th Street, Suite 405
Philadelphia, PA 19103-2707
Telephone: (215) 557-5676
Fax: (866) 419-0896
Email: Chris.Horn@allstate.com
Attorney for Defendant
Blaise Jaquillard

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARJORIE RUBEL,<br><br>Plaintiff,<br><br>vs.<br><br>BLAISE JAQUILLARD<br>and<br>HIGH HOTELS, LLC<br>d/b/a TRU BY HILTON EASTON<br>and<br>HILTON FRANCHISE HOLDING LLC<br>and<br>HILTON DOMESTIC OPERATING COMPANY INC.,<br><br>Defendant. | NO. 2:26-cv-08094 |

**NOTICE OF REMOVAL**

AND NOW Defendant, Blaise Jaquillard, by and through the undersigned counsel, hereby removes the above-captioned case to this Honorable Court and provides notice of same to counsel representing the Plaintiff. In support of removal the Defendant avers as follows:

1. This action is filed and now pending in Philadelphia County Court of Common Pleas, August Term, 2026. No. 00813.
2. This action was instituted in the Court of Common Pleas of Philadelphia County on or about August 6, 2026, by Plaintiff filing a Complaint at the above court term and number. A true and correct copy of Plaintiff’s Complaint is attached hereto as Exhibit “A”.
3. This Notice of Removal is being filed within thirty (30) days after receipt by the Defendant of the initial pleading setting forth the claim for relief upon which this action is based in accordance with 17 U.S.C. § 1446(b).

4. This is a civil suit and involves controversy between citizens of different states.
5. The basis is on diversity jurisdiction as no defendant shares a common state with Plaintiff.
6. Plaintiff, Marjorie Rubel, upon information and belief, was at the commencement of the above action, a citizen of the State of Washington.
7. Defendant, Blaise Jaquillard, is a citizen of the State of Pennsylvania.
8. Co-Defendants, Hilton Franchise Holding, LLC and Hilton Domestic Operating Company, are Corporations with their principal place of business in McLean, Virginia.
9. Co-Defendant, High Hotels, LLC, d/b/a, TRU by Hilton Easton, is a hotel located in Lancaster, Pennsylvania.
10. As averred in Plaintiff's Complaint, the damages claimed by Plaintiff are in excess of the jurisdictional amount requiring submission to Arbitration.
11. Defendant, Blaise Jaquillard, alleges and avers upon information and belief that the amount in controversy is in excess of $75,000.00, exclusive of interests and costs.
12. The above-described Civil Action is one in which this Honorable Court has original jurisdiction pursuant to Title 28 United States Code Section 1332 based upon the fact that there exists diversity of citizenship between the parties and the amount in controversy is in excess of $75,000.00, exclusive of interests and costs, and is accordingly on which may be removed to this Honorable Court by Notice pursuant to Title 28, United States Code, Section 1441.

13. Defendant has contemporaneously with the filing of this Notice of Removal given written notice to Plaintiff's counsel.

WHEREFORE, Defendant, Blaise Jaquillard, respectfully requests that this action, currently docketed in the Court of Common Pleas of Philadelphia County be removed to the United States District Court for the Eastern District.

Date: October 22, 2026

CHRISTOPHER M. HORN, ESQUIRE
IDENTIFICATION NUMBER: 201633
Two Logan Square
100 N. 18th Street, Suite 405
Philadelphia, PA 19103-2707
Telephone: (215) 557-5676
Fax: (866) 419-0896
Email: Chris.Horn@allstate.com
Attorney for Defendant
Blaise Jaquillard

**CERTIFICATE OF SERVICE**

I do hereby certify that on October 22, 2026, service of a true and correct copy of the within pleading was made on all relevant parties or their counsel of record pursuant to F.R.C.P. 5(a)(1).

Christopher N. Leeds, Esq.
115 Plymouth Road-Suite 200
Plymouth Meeting, PA 19462

CHRISTOPHER M. HORN, ESQUIRE
IDENTIFICATION NUMBER: 201633
Two Logan Square
100 N. 18th Street, Suite 405
Philadelphia, PA 19103-2707
Telephone: (215) 557-5676
Fax: (866) 419-0896
Email: Chris.Horn@allstate.com
Attorney for Defendant
Blaise Jaquillard

**EXHIBIT "A"**

Filed and Attested by the Office of Judicial Records
16 SEP 2026 03:01 pm
B. BALILONTS

**FELLERMAN & CIARIMBOLI LAW, P.C.**
115 Plymouth Road-Suite 200
Plymouth Meeting, PA 19462
(570) 718-1444

Edward [illegible], Esquire
Attorney I.D. #8[illegible]
[illegible]@fclawpc.com

Christopher N. Leeds, Esquire
Attorney I.D. #321652
cleeds@fclawpc.com

---

**MARJORIE RUBEL**
**136 E Rockwood Blvd**
**Spokane, WA 99202**

**PLAINTIFF**

**vs.**

**BLAISE JAQUILLARD**
**1775 The Exchange SE**
**Atlanta, GA 30339**

**And**

**HIGH HOTELS, LLC**
**d/b/a TRU BY HILTON EASTON**
**1853 William Penn Way**
**Lancaster, PA 17601,**

**And**

**HILTON FRANCHISE HOLDING LLC**
**7930 Jones Branch Drive, Suite 1100**
**McLean, VA 22102,**

**And**

**HILTON DOMESTIC OPERATING COMPANY INC.**
**7930 Jones Branch Drive, Suite 1100**
**McLean, VA 22102,**

**DEFENDANTS**

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**

**CIVIL ACTION – LAW**

**JURY TRIAL DEMANDED**

**NO.: 260800813**

---

**PRAECIPE TO REINSTATE COMPLAINT**

TO THE PROTHONOTARY:

Kindly re-instate the Complaint. in the civil action at law against the Defendants in the above matter.

Case ID: 26080081

Respectfully submitted:

**FELLERMAN & CIARIMBOLI LAW, P.C.**

/S/ Christopher Leeds

BY: ______________________________

Christopher N. Leeds, Esquire
Fellerman & Ciarimboli Law, P.C.
183 Market Street, Suite 200
Kingston, PA 18704
570-718-1444
*Counsel for Plaintiff*

Date: September 10, 2026

**FELLERMAN & CIARIMBOLI LAW, P.C.**
115 Plymouth Road-Suite 200
Plymouth Meeting, PA 19462
(570) 718-1444

Edward [illegible] Ciarimboli, Esquire
Attorney I.D. # [illegible]
[illegible]
Christopher [illegible]
Attorney I.D. # [illegible]
cleeds@[illegible]lawpc.com

Filed and Attested by the
Office of Judicial Records
06 SEP 2026 01:01 pm

| | |
|---|---|
| **MARJORIE RUBEL**<br>**136 E Rockwood Blvd**<br>**Spokane, WA 99202**<br><br>**PLAINTIFF**<br>**vs.**<br><br>**BLAISE JAQUILLARD**<br>**1775 The Exchange SE**<br>**Atlanta, GA 30339**<br><br>**And**<br><br>**HIGH HOTELS, LLC**<br>**d/b/a TRU BY HILTON EASTON**<br>**1853 William Penn Way**<br>**Lancaster, PA 17601,**<br><br>**And**<br><br>**HILTON FRANCHISE HOLDING LLC**<br>**7930 Jones Branch Drive, Suite 1100**<br>**McLean, VA 22102,**<br><br>**And**<br><br>**HILTON DOMESTIC OPERATING COMPANY INC.**<br>**7930 Jones Branch Drive, Suite 1100**<br>**McLean, VA 22102,**<br><br>**DEFENDANTS** | **IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**<br><br>**CIVIL ACTION – LAW**<br><br>**JURY TRIAL DEMANDED**<br><br>**NO.:** |

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are

served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

Philadelphia Bar Association
Lawyer Referral and Information Service
One Reading Center Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

**Respectfully Submitted,**

**FELLERMAN & CIARIMBOLI LAW, P.C.**

BY: *_______/s Christopher Leeds____________________*
CHRISTOPHER N. LEEDS, ESQUIRE
Attorney for Plaintiff

**FELLERMAN & CIARIMBOLI LAW, P.C.**
115 Plymouth Road-Suite 200
Plymouth Meeting, PA 19462
(570) 718-1444

Edward J. Ciarimboli, Esquire
Attorney I.D. #85904
ejc@fclawpc.com

Christopher N. Leeds, Esquire
Attorney I.D. #321652
cleeds@fclawpc.com

| | |
|---|---|
| **MARJORIE RUBEL**<br>**136 E Rockwood Blvd**<br>**Spokane, WA 99202**<br><br>**PLAINTIFF**<br>**vs.**<br><br>**BLAISE JAQUILLARD**<br>**1775 The Exchange SE**<br>**Atlanta, GA 30339**<br><br>**And**<br><br>**HIGH HOTELS, LLC**<br>**d/b/a TRU BY HILTON EASTON**<br>**1853 William Penn Way**<br>**Lancaster, PA 17601,**<br><br>**And**<br><br>**HILTON FRANCHISE HOLDING LLC**<br>**7930 Jones Branch Drive, Suite 1100**<br>**McLean, VA 22102,**<br><br>**And**<br><br>**HILTON DOMESTIC OPERATING COMPANY INC.**<br>**7930 Jones Branch Drive, Suite 1100**<br>**McLean, VA 22102,**<br><br>**DEFENDANTS** | **IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**<br><br>**CIVIL ACTION – LAW**<br><br>**JURY TRIAL DEMANDED**<br><br>**NO.:** |

**NOTICE TO DEFENDANT:** You have been sued in court. If you wish to defend against the claims set forth in the enclosed Complaint, you must take timely action in accordance with the Federal Rules of Civil Procedure. Failure to respond may result in a judgment being entered against you without further notice for the money or other relief requested. You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, contact your local bar association's lawyer referral service for assistance.

We further request that you immediately forward the enclosed Complaint to your homeowner's, renter's, umbrella, or any other liability insurance carrier that may provide coverage for the claims asserted, and that you provide this office with the name, address, and claim number of that carrier and the assigned adjuster at your earliest convenience.

Please direct all further communications regarding this matter to the undersigned. If you are represented by counsel, kindly have your attorney contact this office directly upon receipt.

Very truly yours,

**FELLERMAN & CIARIMBOLI LAW, PC**

/S/ Christopher Leeds

BY: ______________________________

**CHRIS LEEDS, ESQUIRE**

CL/jz

## CIVIL ACTION COMPLAINT

Plaintiff, Marjorie Rubel ("Plaintiff"), by and through her undersigned counsel, hereby brings this Complaint against Defendants, Blaise Jaquillard, High Hotels, LLC d/b/a Tru by Hilton Easton, Hilton Franchise Holding LLC, and Hilton Domestic Operating Company Inc. ("Defendants"), and in support thereof, avers:

### I. PARTIES

1. Plaintiff is an adult individual who, at all times material hereto, resided in the State of Washington.

2. Defendant, Blaise Jaquillard ("Defendant Jaquillard"), is, upon information and belief, an adult individual with an address of 1775 The Exchange SE, Atlanta, Georgia 30339.

3. Defendant, High Hotels, LLC, d/b/a Tru by Hilton Easton ("Defendant Hotel"), is, upon information and belief, a limited liability company with a registered address of 1853 William Penn Way, Lancaster, Pennsylvania 17601, which at all times material hereto owned, operated, managed, maintained, and/or controlled the hotel premises known as Tru by Hilton Easton, located at 3882 Eastgate Boulevard, Building 1, Easton, Pennsylvania 18045 (the "Hotel").

4. At all times material hereto, Defendant Hotel, by and through its agents, servants, workmen, and/or employees, acted within the course and scope of their employment and/or agency.

5. Defendant, Hilton Franchise Holding LLC ("Defendant Franchisor"), is, upon information and belief, a Delaware limited liability company with a principal business address of 7930 Jones Branch Drive-Suite 1100, McLean, Virginia 22102, which, at all times material hereto, was the franchisor of the "Tru by Hilton" brand under which the Hotel operated,



Case ID: 26080081

and which licensed the Tru by Hilton brand, name, marks, reservation system, Hilton Honors loyalty program, and brand operating standards to Defendant Hotel for use at the Hotel.

6. Defendant, Hilton Domestic Operating Company Inc. ("Defendant Hilton Parent"), is, upon information and belief, a Delaware corporation with a principal business address of 7930 Jones Branch Drive-Suite 1100, McLean, Virginia 22102, and is the parent company of Defendant Franchisor.

7. Upon information and belief, Defendant, Franchisor and Defendant Hilton Parent (collectively, "the Hilton Defendants") regularly conduct business in Philadelphia County, Pennsylvania-including by licensing, franchising, and/or overseeing the operation of Hilton-branded hotel properties located within Philadelphia County, and by operating a centralized reservation system, Hilton Honors loyalty program, and marketing apparatus through which rooms at Hilton-branded properties, including the Hotel, are marketed to and booked by the public, including residents of Philadelphia County.

8. Upon information and belief, the Hilton Defendants held out the Hotel to the public, including Plaintiff, as a Hilton-branded and Hilton-affiliated establishment through the Tru by Hilton name, marks, signage, website, and reservation system, such that guests, including Plaintiff, reasonably believed the Hotel was operated by or under the direct authority of the Hilton Defendants.

9. By way of example and not limitation, Defendant Franchisor licenses at least one Hilton-affiliated property located within Philadelphia County, Pennsylvania, specifically Home2 Suites by Hilton Philadelphia-Convention Center, located at 1200 Arch Street, Philadelphia, Pennsylvania 19107, which, like the Hotel, operates under a franchise and/or

license agreement with Defendant Franchisor and participates in the same Hilton reservation system and Hilton Honors loyalty program as the Hotel.

## II. JURISDICTION AND VENUE

10. This Court has jurisdiction over the parties and the subject matter of this action.

11. The incident giving rise to this action occurred at the Hotel, located in Lower Nazareth Township, Northampton County, Pennsylvania, as more fully described below.

12. Upon information and belief, Defendant Hotel operates the Hotel as a licensee and/or franchisee of Defendant Franchisor-under the "Tru by Hilton" brand.

13. Venue is proper in Philadelphia County, pursuant to Pa. R.C.P. 1006(c) and 2179(a)(2)-(3), in that Defendant Franchisor and Defendant Hilton Parent regularly conduct business in Philadelphia County, Pennsylvania, including through the franchise and/or license relationship described above with respect to Home2 Suites by Hilton Philadelphia – Convention Center, and venue as to Defendant Jaquillard, Defendant Hotel, and Defendant Franchisor and Defendant Hilton Parent is likewise proper in this action, pursuant to Pa. R.C.P. 1006(c), as all Defendants are joined as parties to the same action.

14. The amount in controversy in this matter exceeds the jurisdictional limits requiring compulsory arbitration in Philadelphia County, exclusive of interest and costs.

## III. FACTUAL BACKGROUND

15. On November 22, 2025, at approximately 8:30 a.m., Plaintiff was a paying, registered guest of the Hotel, lawfully present on the Hotel premises as a business invitee.

16. On that same date, Defendant Jaquillard was also a registered guest of the Hotel.

17. At all times material hereto, Defendant Jaquillard owned and/or was the keeper of a dog, which he brought onto and kept at the Hotel premises during his stay.

18. On November 22, 2025, at approximately 8:30 a.m., Plaintiff exited an elevator onto the second floor of the Hotel.

19. At that time, Defendant Jaquillard was present in the second-floor hallway of the Hotel, walking his dog.

20. At the time of the incident described herein, Defendant Jaquillard's dog was not confined, muzzled, or under adequate and effective control.

21. Without provocation, Defendant Jaquillard's dog lunged at and attacked Plaintiff, seizing and grabbing the sleeve and arm of Plaintiff's jacket with its mouth.

22. Defendant Jaquillard attempted to pull his dog back and away from Plaintiff. However, the dog did not release Plaintiff and continued its attack.

23. As a direct and proximate result of the attack described above, Plaintiff was caused to fall to the hallway floor, striking her lower ack and buttocks on the hallway floor.

24. As a result of the attack, Plaintiff's jacket sustained visible bite and/or tooth marks to the sleeve, as later observed by responding police.

25. Following the incident, and before leaving to attend a funeral, Plaintiff reported the incident to Hotel front desk staff.

26. Plaintiff again reported the incident to Hotel staff, upon her return to the Hotel from the hospital later that same day.

27. Later on November 22, 2025, Plaintiff presented to the Emergency Department at Lehigh Valley Hospital – Hecktown Oaks for evaluation and treatment of the injuries she sustained in the fall.

28. At the Emergency Department, Plaintiff underwent a CT scan of the lumbar spine and X-rays of the hip and pelvis, which revealed, among other things, a compression fracture of the T12 vertebra.

29. Plaintiff was administered diazepam (Valium) and ketorolac (Toradol) in the Emergency Department, and was discharged with prescriptions for hydrocodone-acetaminophen (Norco), meloxicam (Mobic), and tizanidine (Zanaflex), among other instructions.

30. A subsequent MRI of the thoracic spine, performed on December 15, 2025, confirmed an acute to subacute compression fracture of the superior endplate of T12, with up to ten percent (10%) loss of vertebral body height.

31. As a result of her injuries, Plaintiff underwent a kyphoplasty procedure on December 23, 2025.

32. Following the kyphoplasty, Plaintiff continued to require ongoing medical treatment, including osteopathic manipulative treatment and trigger point injections, for chronic neck pain, low back pain, and bilateral hip pain, through at least February 2026. Plaintiff's need for further treatment remains ongoing.

33. The Colonial Regional Police Department investigated the incident under Incident No. CRP-25-13305. The responding officer identified Defendant Jaquillard as the owner and/or handler of the dog involved in the attack, and documented that Defendant Jaquillard was asked to leave the Hotel, following the incident.

34. At all times material hereto, Defendant Hotel held itself out to the public, including Plaintiff, as a "pet-friendly" establishment that permitted guests to keep dogs and other pets in guest rooms and to bring such animals through the Hotel's common areas, including hallways and elevator lobbies.

35. Upon information and belief, Defendant Hotel, its agents, servants, and/or employees, knew or should have known that permitting dogs to be walked, unrestrained or inadequately restrained, through narrow common-area hallways and elevator lobbies frequented by other guests created a foreseeable risk of harm to guests, including Plaintiff.

36. Upon information and belief, Defendant Hotel failed to adopt, implement, and/or enforce reasonable policies and procedures governing the restraint and control of guests' dogs while in the common areas of the Hotel.

37. Upon information and belief, Defendant Hotel maintains a pet policy for at least one hotel property located at the 3882 Eastgate Boulevard address that permits guests to keep dogs, charges a non-refundable pet fee, and permits pets weighing up to 100 pounds, without imposing any stated leash-length or common-area restraint requirement.

38. At all times material hereto, Plaintiff was employed as a health care provider whose essential job functions included performing medical visits and examinations with patients.

39. As a direct result of the injuries she sustained in the Incident, Plaintiff's treating nurse practitioner certified that Plaintiff was incapacitated and unable to perform her essential job functions for a continuous period beginning on November 26, 2025.

40. As a further direct result of her injuries, Plaintiff has incurred and will continue to incur a loss of earnings and earning capacity.

**COUNT I**

**NEGLIGENCE**

**Plaintiff, Marjorie Rubel v. Defendant, Blaise Jaquillard**

41. Plaintiff incorporates by reference paragraphs 1 through 40 of this Complaint, as though they were fully set forth herein.

42. At all times material hereto, Defendant Jaquillard owed Plaintiff a duty to exercise reasonable care in the control, restraint, and handling of his dog, so as to avoid causing injury to others lawfully present at the Hotel.

43. Defendant Jaquillard breached that duty of reasonable care by, among other things, the following negligent acts and/or omissions:

   a. failing to keep his dog on a leash of reasonable and adequate length and strength, while in a common area of the Hotel;

   b. failing to maintain effective physical control over his dog, while walking it through a common hallway of the Hotel;

   c. permitting his dog to approach and make physical contact with Plaintiff, a stranger to the dog;

   d. failing to restrain or remove his dog upon its initial aggressive movement toward Plaintiff;

   e. failing to warn Plaintiff of his dog's presence and/or propensities;

   f. violating the confinement and control requirements of the Pennsylvania Dog Law, 3 P.S. § 459-305, and applicable Hotel policy; and

   g. such other negligent acts and/or omissions as may be revealed through discovery.

44. As a direct and proximate result of Defendant Jaquillard's negligence, Plaintiff was attacked and knocked to the ground, sustaining the serious and permanent injuries described above.

45. As a further direct and proximate result of Defendant Jaquillard's negligence, Plaintiff has suffered and will continue to suffer, some or all permanently: severe pain and suffering; a compression fracture of the T12 vertebra necessitating kyphoplasty surgery; chronic neck, back, and bilateral hip pain; mental anguish and emotional distress; embarrassment and humiliation; loss of life's pleasures; past lost earnings and loss of earning capacity as a health care provider unable to perform her essential job functions; past and future medical, therapeutic, and pharmaceutical expenses; and other damages to be proven at trial.

**WHEREFORE,** Plaintiff, Marjorie Rubel, demands judgment in her favor and against Defendant, Blaise Jaquillard, in an amount in excess of the jurisdictional limits requiring compulsory arbitration-together with interest, costs of suit, and such other relief as this Court deems proper.

**COUNT II**

**VIOLATION OF THE PENNSYLVANIA DOG LAW, 3 P.S. § 459-101, et seq.**

**Plaintiff, Marjorie Rubel v. Defendant, Blaise Jaquillard**

46. Plaintiff incorporates by reference paragraphs 1 through 45 of this Complaint, as though they were fully set forth herein.

47. The Pennsylvania Dog Law, 3 P.S. § 459-305, requires that every dog be confined within the premises of its owner or keeper, or firmly secured by means of a collar and chain or leash, or under the reasonable control of a competent person, when off the owner's or keeper's premises.

48. At the time of the attack, Defendant Jaquillard's dog was off Defendant Jaquillard's premises, within a common hallway of the Hotel, and was not confined, firmly secured, or under reasonable and effective control-as required by law.

49. Defendant Jaquillard's dog attacked and caused injury to Plaintiff, a person who did not provoke, tease, torment, or abuse the dog in any manner.

50. Pursuant to 3 P.S. § 459-502-A, Defendant Jaquillard, as the owner and/or keeper of the dog, is civilly liable for all damages caused by the dog's attack upon Plaintiff, without regard to any prior notice of the dog's dangerous propensities.

51. As a direct and proximate result of Defendant Jaquillard's violation of the Pennsylvania Dog Law, Plaintiff sustained the serious and permanent injuries and damages described above.

**WHEREFORE**, Plaintiff, Marjorie Rubel, demands judgment in her favor and against Defendant, Blaise Jaquillard, in an amount in excess of the jurisdictional limits requiring

compulsory arbitration-together with interest, costs of suit, and such other relief as this Court deems proper.

**COUNT III**

**NEGLIGENCE / PREMISES LIABILITY**

**Plaintiff, Marjorie Rubel v. Defendant, High Hotels, LLC d/b/a Tru by Hilton Easton**

52. Plaintiff incorporates by reference paragraphs 1 through 51 of this Complaint, as though they were set forth fully herein.

53. At all times material hereto, Plaintiff was a business invitee of Defendant Hotel, lawfully present on the Hotel premises.

54. As the possessor of land held open to the public for business purposes, Defendant Hotel owed Plaintiff a duty to exercise reasonable care to discover conditions and activities on the premises that posed an unreasonable risk of harm to guests, and to protect its guests, including Plaintiff, against such risks.

55. Defendant Hotel breached that duty of reasonable care by, among other things, the following negligent acts and/or omissions:

   a. permitting guests to walk dogs unrestrained, or without adequate restraint, through narrow common-area hallways and elevator lobbies used by other guests;

   b. failing to adopt and/or enforce a pet policy requiring guests to maintain dogs on a leash of appropriate and safe length, while in the Hotel's common areas;

   c. failing to warn Plaintiff of the presence of dogs being walked in the Hotel's common hallways;

   d. failing to properly train and supervise Hotel staff, regarding the enforcement of the Hotel's pet-related policies, if any;

e. failing to adequately monitor, by staffing, signage, and/or surveillance, the second-floor hallway and elevator lobby, so as to prevent foreseeable animal-related incidents; and

f. such other negligent acts and/or omissions as may be revealed through discovery.

56. The dangerous condition described above was created by, known to, or should have been known to, Defendant Hotel in the exercise of reasonable care, and Defendant Hotel had actual and/or constructive notice of the risk posed by unrestrained or inadequately restrained dogs in the Hotel's common hallways.

57. As a direct and proximate result of Defendant Hotel's negligence, Plaintiff was attacked by Defendant Jaquillard's dog and sustained the serious and permanent injuries described above.

58. As a further direct and proximate result of Defendant Hotel's negligence, Plaintiff has suffered and will continue to suffer, some or all permanently: severe pain and suffering; a compression fracture of the T12 vertebra necessitating kyphoplasty surgery; chronic neck, back, and bilateral hip pain; mental anguish and emotional distress; embarrassment and humiliation; loss of life's pleasures; past lost earnings and loss of earning capacity as a health care provider unable to perform her essential job functions; past and future medical, therapeutic, and pharmaceutical expenses; and other damages to be proven at trial.

**WHEREFORE,** Plaintiff, Marjorie Rubel, demands judgment in her favor and against Defendant, High Hotels, LLC d/b/a Tru by Hilton Easton, in an amount in excess of the jurisdictional limits requiring compulsory arbitration-together with interest, costs of suit, and such other relief as this Court deems proper.

**COUNT IV**

**NEGLIGENCE / APPARENT (OSTENSIBLE) AGENCY**

**Plaintiff, Marjorie Rubel v. Defendants, Hilton Franchise Holding, LLC and Hilton Domestic Operating Company, Inc.**

59. Plaintiff incorporates by reference paragraphs 1 through 58 of this Complaint, as though they were set forth fully herein.

60. Defendant Franchisor and Defendant Hilton Parent licensed the "Tru by Hilton" brand, name, marks, reservation system, Hilton Honors loyalty program, and brand operating standards to Defendant Hotel for use in connection with the Hotel.

61. Through the foregoing licensing arrangement and their marketing, reservation, and brand-standard systems, the Hilton Defendants held the Hotel out to the public, including Plaintiff, as a Hilton-affiliated establishment operating under the Hilton Defendants' brand and authority.

62. Plaintiff reasonably relied upon the Hilton Defendants' representations, brand indicia, and holding out of the Hotel as a Hilton-branded property in selecting the Hotel for her stay, and had no reason to know that the day-to-day operation of the Hotel was performed by a separate and distinct corporate entity.

63. Upon information and belief, the Hilton Defendants promulgated, approved, and/or required compliance with brand operating standards applicable to guest safety and pet policies at Hilton-branded properties, including the Hotel, and thereby exercised sufficient control over, or created the reasonable appearance of control over, the conditions giving rise to Plaintiff's injuries.

64. Under the doctrine of apparent or ostensible agency, the Hilton Defendants are vicariously liable for the negligent acts and omissions of Defendant Hotel-as alleged in Count III above.

65. As a direct and proximate result of the negligence of Defendant Hotel, for which the Hilton Defendants are vicariously liable, Plaintiff sustained the serious and permanent injuries and damages described above.

**WHEREFORE,** Plaintiff, Marjorie Rubel, demands judgment in her favor and against Defendants, Hilton Franchise Holding, LLC and Hilton Domestic Operating Company, Inc., in an amount in excess of the jurisdictional limits requiring compulsory arbitration-together with interest, costs of suit, and such other relief as this Court deems proper.

Respectfully submitted,
/s/ Christopher Leeds

Christopher N. Leeds, Esquire
Attorneys for Plaintiff, Marjorie Rubel

/inesign Document ID: 145A049C-6C6B-487D-9F77-89CFCBD1B527



**VERIFICATION**

I, Marjorie Rubel, do hereby state that I am the Plaintiff in the foregoing action, and that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief. I understand that the statements herein are made subject to the penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities.

Marjorie Rubel

Date: 8-4-26





The signed document can be validated at https://app.vinesign.com/Verify